**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 16-222-DLB-CJS**

**ATLANTIC CASUALTY INSURANCE COMPANY**                         **PLAINTIFF**

**V.**                       <u>**MEMORANDUM OPINION & ORDER**</u>

**ERIC CLARK, ET AL.**                                                    **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

Plaintiff Atlantic Casualty Insurance Company seeks the entry of a declaratory judgment against Defendants Eric Clark, Matthew Clark, Joan Tiesl Carmack, and Chris Carmack. (Doc. # 21). Additionally, Defendants Joan Tiesl Carmack and Chris Carmack seek entry of summary judgment against Plaintiff. (Doc. # 19). In essence, Plaintiff asks the Court to find that the Absolute Auto, Aircraft, and Watercraft Exclusion in the subject insurance policy applies to the facts of this case, and as a result, the insurance coverage issued to Defendants Eric Clark and Matthew Clark is not applicable to the claims of Joan Tiesl Carmack and Chris Carmack. On the contrary, Defendants ask the Court to find the opposite—namely that the exclusion *does not* apply and the insurance coverage *is* applicable to Defendants' claims.

Both Motions are fully briefed (Docs. # 19-1, 21-1, 25, 26, 27, and 28), and ripe for the Court's review. Upon filing this action, Plaintiff invoked the jurisdiction of this Court under 28 U.S.C. §§ 1332 and 2201. However, because this is an action seeking a declaratory judgment, this Court has discretion whether to exercise jurisdiction pursuant

1

to 28 U.S.C. § 2201. For the reasons that follow, Plaintiff's Motion for Declaratory Judgment (Doc. # 21) and Defendants' Motion for Summary Judgment (Doc. # 19) are hereby denied and this matter is dismissed and stricken from the Court's active docket.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The factual scenario that follows is taken from Plaintiff Atlantic Casualty Insurance Company's ("Atlantic Casualty") Complaint (Doc. # 1) and is undisputed by Defendants. Atlantic Casualty issued a Commercial General Liability Policy to Defendants Eric Clark and Matthew Clark on behalf of Clark Brothers Construction. (Doc. # 1 at ¶ 6). On October 6, 2016, Defendants Joan Tiesl Carmack and Chris Carmack filed a complaint in Campbell County Circuit Court against Defendants Eric Clark and Matthew Clark and Plaintiff Atlantic Casualty, seeking damages for personal injuries sustained from a motor-vehicle accident. (Doc. # 21-1 at 2).

The motor-vehicle accident that is the subject of this action and the pending case in Campbell County Circuit Court occurred on April 13, 2016, in Campbell County, Kentucky. (Doc. # 1 at ¶ 8). The chain of events leading to the accident started with a ladder falling from a vehicle owned and operated by Defendant Eric Clark while the vehicle was in motion on a public highway. *Id.* at ¶ 17. Defendant Eric Clark pulled off to the side of the road and walked back onto the highway to retrieve the ladder. *Id.* A vehicle driven by non-party Matthew Hood slowed down to avoid the ladder, but was then struck from behind by Defendant Joan Tiesl Carmack's vehicle. *Id.*

As a result of the motor-vehicle accident, Defendant Joan Tiesl Carmack brought a personal-injury lawsuit in Campbell County Circuit Court alleging that the Atlantic Casualty Commercial General Liability Policy is applicable to the motor-vehicle accident.

2

*Id.* Defendant Eric Clark's personal automobile policy has tendered $25,000 to Defendant Joan Tiesl Carmack. *Id.* However, Defendant Joan Tiesl Carmack's insurance carrier has substituted these funds to preserve subrogation rights against Defendant Eric Clark. *Id.* Defendant Matthew Clark does not have automobile coverage applicable to this motor-vehicle accident. Doc. # 21-1 at 3.

The complaint filed in Campbell County Circuit Court by Defendants Joan Tiesl Carmack and Chris Carmack contains three counts: (1) Eric Clark and Matthew Clark negligently obstructed the roadway causing Joan Tiesl Carmack to suffer bodily injuries; (2) Atlantic Casualty was promptly notified of the claim, and despite prompt notice, Atlantic Casualty violated Ky. Rev. Stat. Ann. § 304-12.230 by failing to acknowledge and act promptly in the investigation of the claims; and (3) Chris Carmack has suffered loss of the society, companionship, consortium, and services of his wife, Joan Tiesl Carmack. (Doc. # 1-3 at 4). In the state-court lawsuit, Atlantic Casualty answered and maintains that there is no insurance available for the claims raised in the motor-vehicle accident pursuant to the Clark Brothers Construction's Commercial General Liability Policy. Subsequently, Atlantic Casualty filed its Motion for a Declaratory Judgment in this Court on July 10, 2017. (Doc. # 21).

II. **ANALYSIS**

**This Court declines to exercise jurisdiction over this matter pursuant to 28 U.S.C. § 2201.**

Neither party has addressed the issue of whether the Court should exercise jurisdiction. Plaintiff Atlantic Casualty merely states that the Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 without explaining why it is appropriate for the Court to exercise jurisdiction. (Doc. # 21-1 at 1). Additionally,

3

Defendants' Motion for Summary Judgment fails to explain why exercising jurisdiction would be appropriate or inappropriate. Before potentially reaching the substantive issues in this matter, the Court must first consider whether to exercise its discretionary jurisdiction under the Declaratory Judgment Act. Having carefully considered the facts of this matter, and in the context of the factors the Court must consider, the Court declines to exercise jurisdiction.

The Declaratory Judgment Act provides that federal courts "may" enter declaratory judgments in "case[s] of actual controversy." See 28 U.S.C. § 2201(a). The Act "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The United States Supreme Court has advised "that federal courts exercising this discretion should avoid '[g]ratuitous interference with the orderly and comprehensive disposition of [ ] state court litigation.'" Aspen Ins. UK Ltd. v. Murriel-Don Coal, Inc., 793 F. Supp. 2d 1010, 1012 (E.D. Ky. 2011) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942)). The Sixth Circuit has heeded the Supreme Court's guidance, "h[olding] on a number of occasions that a district court should stay or dismiss complaints filed by insurance companies seeking a declaratory judgment as to their underlying state court law suits." Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC, 495 F.3d 266, 273 (6th Cir. 2007).

In this case, the Court has been asked to resolve the exact same issues presented by the exact same parties in a case currently pending before the Campbell County Circuit Court. That case was brought by current Defendants Joan Tiesl Carmack and Chris Carmack against current Defendants Eric Clark and Matthew Clark and current Plaintiff

Atlantic Casualty. Furthermore, the same issue is present in both cases—whether the insurance policy that Defendants Eric Clark and Matthew Clark have with Atlantic Casualty provides coverage for Joan Tiesl Carmack's personal-injury claims, or in the alternative, whether those claims fall within the policy's automobile exception. "It is a rare case in which a district court should entertain an insurance company's declaratory-judgment action to resolve coverage issues that are squarely presented in an ongoing state-court case." *Aspen Ins. UK Ltd.,* 793 F. Supp. 2d at 1013 (citing *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998)) ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court."). While it is true that on occasion the Sixth Circuit has "held that district courts have not abused their discretion by hearing such cases," the Sixth Circuit has "repeatedly advised that the best exercise of that discretion, in the mine-run of cases, is to respect the state court's ability to handle the matter." *Id.* at 1013-1014.

The Sixth Circuit employs a five-factor test to determine whether to exercise jurisdiction over declaratory-judgment actions. Those factors are: (1) whether the declaratory action would settle the controversy; (2) whether a declaratory judgment would increase friction between federal and state courts; (3) whether an alternative, better remedy is available; (4) whether a declaratory judgment would serve a "useful purpose in clarifying the legal relations in issue"; and (5) whether the declaratory remedy is being sought merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata." *Aspen Ins. UK Ltd.,* 793 F. Supp. 2d at 1014 (citing *Grand Trunk W.R. Co. v. Consol. Rail Corp.,* 746 F.2d 323, 326 (6th Cir. 1984)). With the exception of the

5

fifth factor, which is neutral, each of the other factors strongly support not exercising discretional jurisdiction pursuant to 28 U.S.C. § 2201.

The first factor asks whether a declaratory judgment would settle the controversy. *Travelers*, 495 F.3d at 271-72. More specifically, the first factor considers "not whether issuing a declaratory judgment would settle the controversy immediately before the Court, but rather if doing so would settle the 'ultimate controversy.'" *Aspen Ins. UK Ltd.,* 793 F. Supp. 2d at 1014 (citing *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.,* 565 F. Supp. 2d 779, 788 (E.D. Ky. 2008)). The "ultimate controversy" being "the controversy in the underlying state court litigation." *Id.* (citing *Travelers,* 495 F.3d at 272).

Granting Atlantic Casualty's requested declaratory judgment would not settle the pending state-court matter because current Defendants Joan Tiesl Carmack and Chris Carmack have alleged that "[d]espite prompt notice," Atlantic Casualty "violated the provisions of KRS Chapter 304, including, but not limited to Ky. Rev. Stat. Ann. § 30-12.230 in that Atlantic Casualty failed to acknowledge and act reasonably promptly upon communications … and failed to adopt and implement reasonable standard for the prompt investigation of [Joan Tiesl Carmack and Chris Carmack]'s claims." (Doc. # 1-3 at 4). Similarly, the plaintiff in *Aspen* also alleged that the Defendant "acted in bad faith and violated Kentucky's Unfair Claims Settlement Practices and Consumer Protection Acts." *Aspen Ins. UK Ltd.,* 793 F. Supp. 2d at 1015. The Court in *Aspen* held that because the complaint does not address the entire controversy between the parties, "it falls short of settling the ultimate controversy in state court." *Id.* The same can be said here; because only a portion of the controversy is currently before the Court, "the state court would still have a lot of work to do after this Court issued a declaratory judgment." *Id.* Thus, the

first factor favors dismissal.

The second factor considers whether issuing a declaratory judgment would increase friction between federal and state courts. *Id.* Because there is an action currently pending in Campbell County Circuit Court that presents the exact same legal question that Atlantic Casualty asks this Court to decide, issuing a declaratory judgment would increase friction between federal and state courts. As the Supreme Court has cautioned, "where another suit involving the same parties and presenting … the same state law issues is pending in state court, a district court may be indulging in '[g]ratuitous interference' if it permitted the federal declaratory action to proceed." *Id.* (citing *Wilton,* 515 U.S. at 283). The Sixth Circuit has identified three "sub-factors" to guide district courts in determining whether "the potential for friction is too great." *Id.* Here, each of those sub-factors also favor dismissal.

The first sub-factor considers whether "the underlying factual issues are important to an informed resolution of the case." *Id.* (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 561 (6th Cir. 2008)). In analyzing this sub-factor, the Court in *Aspen* found that a "concerning source of potential friction is that deciding this case will require the Court to answer the *exact same legal question* that is before the state court." *Id.* at 1016. The same can be said for this matter; the issue of whether the insurance policy provided by Atlantic Casualty is available for the claims raised is an issue in both the state court action and this action. Because identical issues are currently before both the state and federal courts, "[i]f the state and federal courts arrive at different answers, there will surely be friction." *Id.*

The second sub-factor asks whether the state court is in a better position to evaluate the issues than the federal court. *Id.* (citing *Scottsdale Ins. Co.,* 513 F.3d at 560). Put simply, because this case "involves pure question of state law 'with which Kentucky state courts are more familiar'" the Campbell County Circuit Court is better equipped to resolve the legal issues. *Id.* (citing *Bituminous Cas. Corp. v. J & L Lumber Co.,* 373 F.3d 807, 815 (6th Cir. 2004)). Thus, this sub-factor also favors dismissal.

Lastly, the third sub-factor asks whether "there is a close nexus between underlying factual and legal issues and the state law and/or public policy." *Id.* Similarly, just as the Court held in *Aspen*, "[t]his is a case about an insurance contract, which the state 'regulate[s] … for the protection of its residents.'" *Id.* (citing *Scottsdale Ins. Co.,* 513 F.3d at 561). "Interpreting the contract, therefore, will implicate state insurance-law policies, a recognized source of friction." *Id.* Accordingly, this sub-factor also favors dismissal, and the second factor weighs in favor of declining jurisdiction.

The third factor asks the Court to consider whether Atlantic Casualty has an alternative, better remedy in state court. *Scottsdale Ins. Co.,* 513 F.3d at 561-62. Since an action is pending in Campbell County Circuit Court, Atlantic Casualty "can simply present its argument that its insurance policy did not cover" the accident. *Aspen Ins. UK Ltd.,* 793 F. Supp. 2d at 1017. In fact, Atlantic Casualty has already raised this defense in its answer to the complaint. Alternatively, if Atlantic Casualty so chooses, it may institute a declaratory-judgment action in Kentucky state court pursuant to Ky. Rev. Stat. Ann. § 418.040. *Id.* These are alternative, better remedies because "Kentucky courts are the experts on Kentucky law and thus provide a better forum for this state-law contract dispute." *Id.* (citing *Travelers*, 495 F.3d at 272). Thus, the third factor favors dismissal.

The fourth factor asks whether a declaratory judgment would serve a useful purpose in clarifying the legal relations in issue. Deciding this case would not serve a "truly useful purpose" by clarifying legal relations among the parties. *Id.* (*citing AmSouth Bank v. Dale,* 386 F.3d 769, 786 (6th Cir. 2004); *Panhandle E. Pipe Line Co. v. Mich. Consol. Gas. Co*., 177 F.2d 942, 944 (6th Cir. 1949)). While it may be true that "resolving the declaratory judgment action would clarify the legal relations" between Atlantic Casualty and the Defendants, the clarification must still "serve a useful purpose." *Id.* (citing *Am. South Bank*, 386 F.3d at 786). No useful purpose would be served by resolving this declaratory-judgment action because "[t]he state court can also clarify these very same issues—probably better, with its state-law expertise and familiarity with this case." *Id.* (citing *Am. South Bank*, 386 F.3d at 786). As the Sixth Circuit held in *Bituminous Casualty Corp*., "when a federal court decides a declaratory judgment action presenting the exact same issues as those presented in a state court proceeding, there is simply no good result." *Bituminous Casualty Corp*., 37 F.3d at 813-14. Put simply, "[t]he federal court could either reach the same conclusions as the state court, in which case the declaration would have been unnecessary … or the federal court could disagree with the state court, resulting in inconsistent judgments." *Id.* Thus, "the declaratory judgment action in federal court [ ] serve[s] no useful purpose.'" *Id.* Accordingly, the fourth favors weighs in favor of dismissal.

The fifth and final factor considers whether Atlantic Casualty is seeking the declaratory judgment merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata." *Grand Trunk*, 746 F.2d at 326. The Sixth Circuit has advised courts not to "impute an improper motive to a plaintiff where there is no evidence

of such in the record." *Scottsdale Ins. Co.,* 513 F.3d at 558.  Thus, in heeding the caution of the Sixth Circuit, the Court will presume that Atlantic Casualty did not file this action with an improper motive given that there is no evidence in the record to support such a finding.  But, even with a presumption of proper motive, the Sixth Circuit has held that "finding no improper motive under Factor Five simply means that this factor is neutral." *Aspen Ins. UK Ltd.,* 793 F.Supp.2d at 1018 (citing *Travelers*, 495 F.3d at 272).  Thus, this factor neither favors dismissal nor exercising jurisdiction.

In conclusion, balancing these factors weighs heavily in favor of declining jurisdiction—the first four factors favor dismissal and the fifth factor is neutral.  Thus, when considering the preference for respecting the state court's jurisdiction over these matters, the Court declines to exercise jurisdiction over Atlantic Casualty's declaratory-judgment action.  Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)  Plaintiff Atlantic Casualty Insurance Company's Motion for Declaratory Judgment (Doc. # 21) is hereby **DENIED**; and

(2)  Defendants Joan Tiesl Carmack and Chris Carmack's Motion for Summary Judgment (Doc. # 19) is hereby **DENIED**; and

(3)  This matter is **DISMISSED AND STRICKEN** from the Court's active docket.

This 21st day of December, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\Opinions\Covington\2016\16-222 Atlantic Casualty MOO.docx